IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MARTINEZ,<br><br>    Plaintiff,<br><br>  vs.<br><br>JOHN ZIOMEK, et al.,<br><br>    Defendants.<br>_____/ | No. CIV S-08-674-LKK-CMK-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for preliminary injunction and/or restraining order (Doc. 7).

       Plaintiff is requesting a court order enjoining the prison from transferring him to another institution. Plaintiff has filed his request as a precaution as he scheduled for an annual review of his classifications. He claims a transfer to another institution would negatively affect his ability to adequately prosecute this case and could interfere with his medical issues.

       The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show either a likelihood of success on the merits of the underlying controversy and the

1  possibility of irreparable injury, or that serious questions are raised and the balance of hardships
2  tips sharply in the movant's favor.  See Coal. for Econ. Equity v. Wilson, 122 F.3d 692, 700 (9th
3  Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).
4  The two formulations represent two points on a sliding scale with the focal point being the degree
5  of irreparable injury shown.  See Oakland Tribune, 762 F.2d at 1376.  Under any formulation of
6  the test, however, the moving party must demonstrate that there exists a significant threat of
7  irreparable injury.  See id.  In the absence of a significant showing of possible irreparable harm,
8  the court need not reach the issue of likelihood of success on the merits.  See id.  The loss of
9  money, or an injury whose measure of damages can be calculated in terms of money, will not be
10 considered irreparable.  See id. at 1334-35.
11             The standard for a temporary restraining order is essentially the same.  The purpose
12 in issuing a temporary restraining order is to preserve the status quo pending a more complete
13 hearing.  The cases contain limited discussion of the standards for issuing a temporary restraining
14 order due to the fact that very few such orders can be appealed prior to the hearing on a
15 preliminary injunction.  It is apparent however, that requests for temporary restraining orders are
16 governed by the same general standards that govern the issuance of a preliminary injunction.  See
17 New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los
18 Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981)
19 (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y.
20 1990).  In many cases the emphasis of the court is directed to irreparable harm and the balance of
21 hardships because the merits of a controversy are often difficult to ascertain and adjudicate on
22 short notice.
23             Eastern District of California Local Rules impose additional requirements for a
24 motion for a temporary restraining order.  First, the court will consider whether the moving party
25 could have sought relief by a noticed motion for a preliminary injunctive at an earlier date without
26 the necessity of seeking last-minute relief by motion for a temporary restraining order.  See Local

Rule 65-231(b). Second, the moving party must provide specific documents to the court in support of the requested temporary restraining order. See Local Rule 65-231(c).

Finally, in cases brought by prisoners involving conditions of confinement, any temporary restraining order or preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. See 18 U.S.C. § 3626(a)(2).

Plaintiff's request should be denied. Under the standards discussed above, in order to obtain a preliminary or emergency injunctive relief, he must demonstrate at least the possibility of irreparable injury. Plaintiff's claims that if he is transferred, he will not be able to adequately prosecute this case. However, plaintiff has not supported that claim with any factual allegations as to why he would not be able to litigate this matter from another institution. He simply states that he "has spent numerous hours exhausting administrative remedies and retrieving documents and evidence. To transfer Mr. Martinez at this stage of action could cause severe irreparable injury to Mr. Martinez, and his current medical treatment." (Motion at 2). He goes on to state that he "believes that if he is transferred at this stage, [his] ability to adequately file and proceed with his civil action would greatly be placed in jeopardy." (Id.). However, he does not explain why. The court has numerous other prisoners who are litigating matters from a variety of prisons located throughout the State of California. There does not appear to be any reason why plaintiff, even if he is transferred to another prison, could not proceed with this case.

Plaintiff also claims that because he

> is an inmate classified as a sensitive need inmate Currently housed on a sensitive need yard (SNY) Transfer at this time could place Mr. Martinez. in harm specially with the medical issues Mr. Martinez faces [sic].

(Motion at 2).

Plaintiff fails to explain why his medical needs could not be met at another institution. Certainly other prisons with in the California Department of Corrections and Rehabilitation have sensitive need yards and medical facilities. Plaintiff does not explain how

Mule Creek State Prison is uniquely suited to meet his particular needs, and how he would be irreparably harmed by a possible transfer.

Based on the foregoing, the undersigned recommends that plaintiff's motion for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 3, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE