IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MARTINEZ, | No. CIV S-08-674-LKK-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| JOHN ZIOMEK, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), filed on March 31, 2008.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

On October 6, 2008, the undersigned issued an order informing plaintiff that his complaint, read liberally, is sufficient to state a claim against defendants Ziomek, Williams, Smith and Hashimoto for deliberate indifference to his medical needs in violation of his Eighth Amendment rights. However, plaintiff was informed that his complaint failed to state a claim against defendants Todd and Martel. Plaintiff was provided an opportunity to file an amended complaint in order to attempt to state a cognizable claim against defendants Todd and Martel. Plaintiff was warned that if he did not file an amended complaint within the time allowed, the undersigned would recommend dismissing these defendants from this action, but that he would be allowed to proceed against the remaining defendants. Plaintiff did not file an amended complaint within the 30 days allowed. Accordingly, the undersigned will recommend the dismissal of defendants Todd and Martel.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff claims he is being denied reasonable medical treatment and/or accommodation for his permanent disability arising from an ankle injury. He claims some of the medical professionals at Mule Creek State Prison are inconsistently denying him disability accommodations including assigning him to a lower bunk, soft shoes, and DNM status. He further claims the medical professionals are failing to provide him necessary medical treatment.

## II.  DISCUSSION

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

1          The requirement of deliberate indifference is less stringent in medical needs cases
2  than in other Eighth Amendment contexts because the responsibility to provide inmates with
3  medical care does not generally conflict with competing penological concerns.  See McGuckin,
4  974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to
5  decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
6  1989).  The complete denial of medical attention may constitute deliberate indifference.  See
7  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical
8  treatment, or interference with medical treatment, may also constitute deliberate indifference.
9  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also
10 demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

11         Negligence in diagnosing or treating a medical condition does not, however, give
12 rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a
13 difference of opinion between the prisoner and medical providers concerning the appropriate
14 course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,
15 90 F.3d 330, 332 (9th Cir. 1996).

16         To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual
17 connection or link between the actions of the named defendants and the alleged deprivations.
18 See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
19 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
20 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts, or
21 omits to perform an act which he is legally required to do that causes the deprivation of which
22 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and
23 conclusory allegations concerning the involvement of official personnel in civil rights violations
24 are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the
25 plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged
26 constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them. See id. When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Here, plaintiff's complaint fails to state a claim against defendants Todd and Martel. The only mention of defendant Todd is in regards to a bone scan referral from June 19, 2007, and a denial of "DNM status" (indicating some kind of mobility impairment). (Complaint at 11-12). However, plaintiff does not explain what "DNM status" is or why he needed such designation. He also does not explain how defendant Todd acted with deliberate indifference to a serious medical need simply by denying him DNM status, including what defendant Todd knew of his medical condition necessitating such designation.

Plaintiff also fails to state any claim against defendant Martel. In fact, plaintiff fails to allege any facts at all relating to defendant Martel. The only mention of defendant Martel is in the list of defendants, where plaintiff lists defendant Martel as the acting warden at Mule Creek State Prison. As discussed above, plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. Naming defendant Martel as a defendant because he is the acting warden of the prison is not sufficient because supervisory personnel are generally not liable under § 1983 for the actions of their employees. Plaintiff must allege an actual link between defendant Martel's actions and a violation of plaintiff's constitutional rights.

### III.  CONCLUSION

Plaintiff's complaint fails to state a claim against defendants Todd and Martel. Plaintiff was provided an opportunity to file an amended complaint, which he failed to do within the time provided in the court's previous order.  The undersigned concludes, therefore, that plaintiff is either unable or unwilling to file an amended complaint to fix the defects in his original complaint.   Plaintiff was warned that if he did not file an amended complaint within the time allowed, the undersigned would recommend dismissing these defendants from this action, but that he would be allowed to proceed against the remaining defendants.

Based on the foregoing, the undersigned recommends that defendants Todd and Martel be dismissed from this action and this action will proceed against defendants Ziomek, Williams, Smith and Hashimoto only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 20, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE