IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVE MARTINEZ,  No. CIV S-08-674-LKK-CMK-P

    Plaintiff,

  vs.  ORDER

JOHN ZIOMEK, et al.,

    Defendants.

_____/

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

    On March 4, 2010, the Magistrate Judge filed findings and recommendations herein which were served on the parties and which contained notice that the parties may file objections within a specified time.  No objections to the findings and recommendations were filed within the time provided.  Plaintiff did file a request for additional time, which was denied.  The court then issued an order adopting the findings and recommendations on March 31, 2010.  Plaintiff filed a motion for reconsideration, which was granted and the order adopting the findings and recommendations was vacated.  Plaintiff's objections to the findings and recommendations have now been filed, as well as defendants' response and plaintiff's reply.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the

entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. Plaintiff contends his medical claims are part of a continuing violation, and should be subjected to the continuing violation doctrine. However, the continuing violation doctrine relates to a statute of limitations issue not exhaustion. Plaintiff also contend that his wrist injury is related to his ankle injury, and therefore no separate grievance was required. He argues that due to his ankle injury he should not have been housed in an upper bunk, and it was because he was housed in an upper bunk that he fell, injuring his wrist. In addition, he claims his wrist injury was raised in inmate grievance simply by complaining about "continuing medical treatment and care."

Vague complaints about medical treatment is insufficient to put prison authorities on notice as to what his specific grievance is about. As the magistrate judge found, Plaintiff's one exhausted grievance specifically identifies his ankle injury as the source of his complaint. The Magistrate Judge's analysis of this grievance is accurate, and it was insufficient to raise any claim regarding the medical treatment, or lack thereof, as to Plaintiff's alleged wrist condition. As to the relationship between his ankle and wrist injuries, to the extent the lack of treatment to Plaintiff's ankle condition resulted in an injury to his wrist, the additional injury may be raised as a damages component to his ankle claim. However, as a separate and independent basis for liability, Plaintiff was required to submit a separate inmate grievance related to that injury. He did not do so, and that claim is therefore unexhausted.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 4, 2010, are adopted in full;

2. Defendants' motion to dismiss (Doc. 30) is granted;

3. Defendants Williams and Smith are dismissed from this action for failure to state a claim;

4. Plaintiff's claims are limited to those regarding his ankle which arose between November 11, 2005, and March 2008;

5. The dismissal of defendant Todd is confirmed;

6. This action shall proceed against defendants Hashimoto and Ziomek only;

7. Defendants' motion to dismiss the original complaint (Doc. 22) is denied as moot; and

8. This matter is referred back to the magistrate judge for further proceedings.

DATED: September 16, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT