IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVE MARTINEZ,                                No. CIV S-08-674-LKK-CMK-P

    Plaintiff,

  vs.                                                           ORDER

JOHN ZIOMEK, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to compel (Doc. 54). Plaintiff filed an opposition to the motion, and defendants filed a reply.

        Defendants bring this motion to compel, pursuant to Federal Rule of Civil Procedure 36, on the basis of plaintiff's unfounded, evasive or incomplete objections in response to their request for admissions.  Plaintiff responds that he is a lay person who should not be held to a strict standard in law pleading.  At issue in this motion are defendant's Hashimoto's 17 requests for admissions and defendant Ziomek's 21 requests for admissions (numbers 2, 3, 57-72, and 85-88).

        Plaintiff's response to all of these requests for admissions was:

> Objection.  Leading and misleading.  Without waiving these objections, and in the spirit of cooperation, Plaintiff is a layman concerning the law, and without an attorney.  Please refer to the complaint.

1

1   A party to whom requests for admissions have been propounded may either answer
2   the admission by admitting or denying the matter or objecting to the request.  A denial must fairly
3   meet the substance of the requested admission.  A party may not give lack of information or
4   knowledge as a reason for failure to admit or deny unless the party also states that he has made
5   reasonable inquiry and that the information known or readily obtainable is insufficient to enable
6   the party to admit or deny.  See Fed. R. Civ. P. 36(a).  If an objection is made, the reasons for the
7   objections must be stated.  A party who considers that a matter of which an admission has been
8   requested presents a genuine issue for trial may not, on that ground alone, object to the request.
9   See id.

10   If, upon a motion made by the requesting party to determine the sufficiency of
11   responses, the court determines that a response does not comply with the requirements of  Rule
12   36, the court may order that the matter is admitted or that an amended answer be served.  See Fed.
13   R. Civ. P. 36(a).

14   Here, plaintiff's objections have nothing to do with the scope of the discovery
15   request, or the relevance of the information requested.  Nor does plaintiff state that after
16   reasonable inquiry, he lacks information or knowledge to either adit or deny the request.  Rather,
17   plaintiff simply objects due to his lay status, and on the basis that the questions are misleading.
18   As defendants argue, each of the requests sought the admission of one singular, specific fact.
19   There is nothing in the requests which could be construed as misleading or confusing.  The
20   requests for admissions relate to plaintiff's medical treatment, which generally should be within
21   his knowledge, or at least obtainable.

22   While the court acknowledges that plaintiff is proceeding pro se, that does not
23   excuse his failure to provide appropriate responses.  "Although we construe pleadings liberally in
24   their favor, pro se litigants are bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52,
25   54 (9th Cir. 1995) (citing King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)).  As such, plaintiff
26   is required to provide appropriate responses to each of the requests for admissions.  This requires

plaintiff to either admit, deny, or provide a proper objection to each request . The objection plaintiff provided was not a proper objection. As defendants set forth in their motion, each of the requests for admission address plaintiff's medical treatment. Plaintiff should have first hand knowledge of the medical treatment he either received or did not receive. To the extent he does not recall whether he received the treatment the requests refer to, he can obtain access to his medical file in order to obtain that information.

Defendants request the court deem each request admitted based on plaintiff's response. The court agrees the objections provided by plaintiff are insufficient. However, prior to ruling that each request is deemed admitted, the court will provide plaintiff an opportunity to appropriately respond, either admitting or denying each of the requests in question. If plaintiff fails to respond as provided herein, or fails to provide a sufficient response, the court will order each request be deemed admitted.

In order to facilitate obtaining new responses to the requests in question, defendants will be required to reserve those requests which are still relevant. Plaintiff will be provided a short opportunity to respond. Failure to do so within the time provided will result in the requests being deemed admitted. If plaintiff fails to respond, or fails to respond appropriately, defendants may renew their motion and the court will grant the request to deem the requests admitted.

In addition, based on this decision, the court will grant defendants' request (Doc. 57) for an extension of the dispositive motion deadline.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (Doc. 54) is granted;

2. Defendants shall reserve plaintiff with the requests for admissions which are still relevant to the issues in this case, within 15 days of the date of this order;

3. Plaintiff shall respond appropriately, either admitting or denying each request, within 30 days of the date the requests are reserved;

        4.       Plaintiff may not object to any of the requests on the basis that he is proceeding pro se or that the requests are misleading;

        5.       If plaintiff fails to provide timely or appropriate responses, defendants may renew their motion to compel, and the court will grant their request to deem the matters admitted;

        6.       Defendants' motion for an extension of the dispositive motion deadline (Doc. 57) is granted; and

        7.       Dispositive motions shall be filed on or before July 20, 2011.

DATED: May 12, 2011

                                                     _____
                                                     **CRAIG M. KELLISON**
                                                     UNITED STATES MAGISTRATE JUDGE